**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Pearlmutter, | No. CV-19-08344-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| County of Coconino, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Gary Pearlmutter's Motion to Amend Complaint and Scheduling Order (Doc. 30). Plaintiff moves to add a new party.[1] Defendants Coconino County, James Jayne, and Marie Peoples filed their Response in Opposition (Doc. 32), and Plaintiff filed a Reply (Doc. 38). The matter is fully briefed. The Court now issues its ruling.

**I.  Background**

Plaintiff Gary Pearlmutter bases his claims on his employment termination. (Doc. 20). Defendant Coconino County employed Plaintiff from September 1993 until his dismissal in December 2018. (Doc. 20 at ¶ 12). In December 2018, Plaintiff, then Director of the Legal Defender's Office, received a notice of dismissal, which he could review only briefly. (Doc. 38 at 3).

About a year later, in December 2019, Plaintiff made a public records request to

---

[1] According to LRCiv 15.1(a), a proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." The Court notes that no such redlined version was submitted.

gather information relating to his termination. (Doc. 30 at 7). Plaintiff received the responsive document production sporadically, but it did not include the notice of dismissal. (*Id.*) On December 18, 2019, Plaintiff filed his Complaint against Coconino County, James Jayne, and Marie Peoples. (Doc. 1). The Court issued a Scheduling Order on May 27, 2020. (Doc. 15). The deadline to join parties and to amend pleadings was set to July 27, 2020. (*Id.*) Plaintiff filed his First Amended Complaint before the deadline, on July 14, 2020. (Doc. 20).

The parties exchanged Mandatory Initial Discovery Pilot ("MIDP") responses on June 16, 2020. (Docs. 16; 17). Importantly, Defendant Coconino County's MIDP production included the notice of dismissal. (Doc. 30 at 8). The notice of dismissal was signed by Art Babbott, Chairman of the Coconino Board of Supervisors ("Board"). (*Id.*) Until that time, Plaintiff believed that it was James Jayne who signed the notice of dismissal, not Mr. Babbott. (Doc. 38 at 3). To further investigate Mr. Babbott's involvement in the termination decision, Plaintiff requested the document's metadata. (Doc. 30 at 8). Plaintiff received the metadata in early to mid-August 2020. (*Id.*) In November 2020, Plaintiff continued his investigation into Mr. Babbott's involvement by serving discovery on all Defendants. (*Id.*)

On December 21, 2020, Plaintiff sought to join Mr. Babbott as a defendant with the filing of his Motion to Amend Complaint and Scheduling Order. (Doc. 30). On the same day, Plaintiff filed a separate action against Mr. Babbott to avoid potential statute of limitation issues. (Doc. 30 at 8).

**II.  Legal Standard**

The narrow issue before the Court is whether Plaintiff acted diligently in seeking to amend his Complaint to add a new party. As Plaintiff acknowledges, (Doc. 30 at 6), his request to amend the Complaint and in turn modify the Scheduling Order must be analyzed under Federal Rule of Civil Procedure 16(b)(4). Rule 16 states that "[a] schedule may be modified only for good cause." The primary focus in deciding whether good cause exists is the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule 'if it cannot

- 2 -

reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Also, "[a]lthough the existence or degree of prejudice to the party opposing the modification *might* supply additional reasons to deny a motion," fundamentally, "[i]f that party was not diligent, the inquiry should end." *Id.* (emphasis added).

The due diligence standard is a stringent requirement. *See, e.g.*, *Buel v. City & County of San Francisco*, 166 F. App'x 901, 903 (9th Cir. 2006) (denying leave to amend where the plaintiff was aware of the need to seek leave to amend at least two months before the deadline for amendments and failed to seek leave at that time); *Schwerdt v. Int'l Fid. Ins. Co.*, 28 F. App'x 715, 719, 720 (9th Cir. 2002) (denying leave to amend where the plaintiff, partly to comply with local rules, waited over three months from the date he knew of the basis for seeking an amendment to his complaint to file his motion to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 606–07, 610 (9th Cir. 1992) (denying leave where the plaintiff's pleading deficiency was apparent before the deadline to amend and the plaintiff's motion to amend was four months late). Still, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson*, 975 F.2d at 607 (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).

**III. Analysis**

    a. Diligence

Plaintiff contends he was diligent. To prove diligence, Plaintiff clarifies that although he received the notice of dismissal, he could view the document only briefly. (Doc. 38 at 3). Plaintiff also references the public records request he made in December 2019, which he asserts, should have but did not include the notice of dismissal. (Doc. 30 at 7). He further asserts that after receiving the notice of dismissal in Defendant County's MIDP production on June 16, 2020, he requested the document's metadata to further

investigate Mr. Babbott's involvement, because he believed the notice was signed by James Jayne, not Mr. Babbott. (Doc. 38 at 3). Plaintiff also mentions that he served discovery on Defendants to further investigate Mr. Babbott's role in his termination. (Doc. 30 at 8).

The Court finds Plaintiff acted diligently, albeit not expeditiously. At his termination, Plaintiff viewed the notice of dismissal, but only briefly. He then made a public record request early in the case, on December 2019, to investigate his termination more fully. The responsive document production did not include the notice of dismissal. It was not until the parties' MIDP exchange that Plaintiff finally acquired the notice of dismissal. Plaintiff responded to the new information about Mr. Babbott's involvement by seeking the metadata for the document and conducting discovery. Although Plaintiff's motion was filed late, the Court finds that Plaintiff acted diligently to investigate the basis for his new claim against Mr. Babbott.

b. Prejudice

Defendants allege that if the Court grants leave to amend, Mr. Babbott and the Defendants will be prejudiced because they will be faced with litigating the issues arising out of Plaintiff's new 42 U.S.C. § 1983 claim. (Doc. 32 at 4). Defendants also believe Mr. Babbott will be prejudiced since he will have to continue to "engage in County business" despite his expired term. (*Id.*)

The Court acknowledges that granting Plaintiff leave to amend may prejudice the parties. However, the prejudice is minimal because Plaintiff's § 1983 claims arose out of the same set of facts. Defendants insist that Plaintiff was aware of Mr. Babbott's role in the termination decision before he filed his lawsuit. (Doc. 32 at 3). Yet, they too, were also aware of Mr. Babbott's involvement and his position as Chairman of the Board. They stress that Mr. Babbott's involvement was disclosed to Plaintiff prior to the amendment deadline in the MIDP responses. (*Id.*) But, as Plaintiff notes, discovery in this case will likely already include the necessary information regarding Mr. Babbott's involvement and may have already been produced.

Finally, the Court notes that not only will the prejudice to Defendants be minimal,

but "the filing of a second, partially parallel action [against Mr. Babbott] [is] not only wasteful to the parties, but [will] unnecessarily exhaust judicial resources, [and] cause duplicative filings and efforts." *Russell v. Swick Mining Servs. USA Inc.*, No. CV-16-02887-PHX-JJT, 2017 WL 1365081, at *3 (D. Ariz. Apr. 14, 2017).

The Court finds that Plaintiff has demonstrated due diligence and has therefore established good cause. The Court further finds that any prejudice resulting from adding Mr. Babbott as a new party will be minimal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint and Scheduling Order (Doc. 30) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen days from the date of this Order to file the amended Complaint pursuant to LRCiv 15.1(a).

Dated this 10th day of June, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge